THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JONATHAN STUDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>FUNKO, INC., et al.,<br><br>         Defendants. | No. 2:23-cv-00824-JLR<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT |

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and named plaintiff Paul Haddock (together, "Plaintiffs") submit this opposition to Defendants Funko, Inc. ("Funko"), Andrew Perlmutter, and Jennifer Fall Jung's (collectively "Defendants") Request for Judicial Notice and Notice of Incorporation by Reference in Support of Defendants' Motion to Dismiss the First Amended Complaint (ECF 41) ("RJN"), filed concurrently with Defendants' Motion to Dismiss the First Amended Complaint (ECF 39) ("Motion").

## I.    INTRODUCTION

Defendants ask this Court to incorporate by reference or take judicial notice of 17 separate exhibits in support of their Motion.  Plaintiffs do not object to the Court considering Exs. 2-9, 11-14, and 16-18 as Plaintiffs have quoted or otherwise relied upon those materials for the basis of their claims in the First Amended Complaint for Violations of the Federal Securities Laws (ECF 38) (the "Complaint").[1]

With regard to proposed Exs. 10 and 15, Defendants have improperly invoked Federal Rule of Evidence 201.  Defendants ask the Court to judicially notice numerous "facts" contained in Ex. 10 – Funko's Form 8-K filed with the United States Securities and Exchange Commission ("SEC") on December 5, 2022 – and "any disclosures contained" in Ex. 15 – a two-page excerpt from a PowerPoint slide deck Funko presented at an Analyst/Investor Day conference on September 13, 2022. RJN at 3-4.  Defendants' attempt to undermine the Complaint by requesting judicial notice of disputed facts to support their preferred narrative should be rejected.

## II.    LEGAL STANDARD

As a general rule, courts ruling on a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion may not consider materials extrinsic to the complaint when assessing the sufficiency of the allegations contained in the pleading. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th

---

[1]    All "Ex." or "Exs." references are to the exhibits attached to the Declaration of Kevin M. McDonough in Support of Defendants' Motion to Dismiss the First Amended Complaint (ECF 40). Unless otherwise noted, citations are omitted and emphasis is added.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)                                          - 1 -

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Cir. 2018).  The only two exceptions are when extrinsic materials are either: (a) incorporated in the complaint; or (b) subject to judicial notice pursuant to Federal Rule of Evidence 201.  *Id.*

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself."  *Id.* at 1002.  The Court may properly consider a document under this doctrine "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Upon incorporation, a court "'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Khoja*, 899 F.3d at 1003 (alteration in original) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  However, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id.*  Incorporation is also improper "if the document merely creates a defense to the well-pled allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."  *Id.* at 1002.

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Courts may take judicial notice of '***undisputed*** matters of public record,' but generally may not take judicial notice of '***disputed*** facts stated in public records.'"  *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (emphasis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

The limited application of judicial notice is not relaxed with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws.  *Khoja*, 899 F.3d at 998 (noting that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery" and the risk is "especially significant" in securities fraud matters).  Where Defendants

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)                                    - 2 -

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

attempt to utilize documents to present their own version of the facts, it can become nearly impossible for even the most aggrieved plaintiff to survive a motion to dismiss. *Id.* at 999. As demonstrated below, that is precisely what Defendants attempt to do here with respect to proposed Exs. 10 and 15. Therefore, the Court should not consider them in deciding Defendants' Motion.

## III.    ARGUMENT

### A.    Incorporation by Reference

Pursuant to the doctrine of incorporation by reference, Plaintiffs do not object to the Court's consideration of Exs. 2-9, 11-14, and 16-18. Each of the documents were referenced in the Complaint (or forms the basis of certain allegations) and Plaintiffs do not dispute their authenticity. Accordingly, judicial notice for the purpose of confirming the existence of the referenced SEC filings, conference calls, and Investor Day conference is also appropriate.

While Plaintiffs do not oppose consideration of these exhibits, it is still improper for this Court to consider them for the truth of the matters asserted therein. *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). For example, Defendants cite Exs. 2, 4-6, 9, and 14-18 for the purposes of challenging Plaintiffs' allegations of falsity. RJN at 2-3. However, it would be improper for the Court to accept Defendants' interpretation of the language in these documents as truth at the motion-to-dismiss stage, particularly where, as here, the issue of whether the "risks and contingencies" regarding Funko's two infrastructure projects Defendants spoke of in hypotheticals had already materialized – a factual defense that Defendants bear the burden of proof at trial. *Khoja*, 899 F.3d at 1010. Thus, it is inappropriate for resolution at the Rule 12(b)(6) stage. *Id.* at 1002 (incorporation is improper "if the document merely creates a defense to the well-pleaded allegations in the complaint").

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)                      - 3 -

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.    Defendants' Proposed Exhibits 10 and 15 Are Inappropriate for Judicial Notice Because Defendants Are Utilizing Them for Improper Factual Arguments**

As an initial matter, Exs. 10 and 15 do not form the basis of Plaintiffs' Complaint. Accordingly, the incorporation-by-reference doctrine does not apply. *Khoja*, 899 F.3d at 1002.

This Court's consideration of Exs. 10 and 15 is also not appropriate under Federal Rule of Evidence 201. These exhibits fail to meet the criteria required for judicial notice as they are not adjudicative facts and/or they are subject to reasonable dispute. Defendants request judicial notice of Ex. 10, which is evidence outside of the pleading, for "the facts contained therein regarding the departures of Andrew Perlmutter and Jennifer Fall Jung, along with other directors or officers." RJN at 3. With respect to Ex. 15, Defendants rely on that document to present facts outside the Complaint to the Court and to bolster their falsity defense by claiming that certain statements were allegedly "accompanied by the applicable cautionary language." Motion at 10 n.4.

Neither proposed purpose is proper. Judicial notice is only appropriate as to "***undisputed*** matters." *See Lee*, 250 F.3d at 690 (emphasis in original). Further, Defendants demand that the Court accept the information contained in those documents as true, despite the clear case law prohibiting this Court from accepting such an invitation. *See In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. Oct. 2, 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'") (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)); *Seattlehaunts, LLC v. Thomas Fam. Farm, LLC*, 2020 WL 1674124, at *3 (W.D. Wash. Apr. 6, 2020). The Court should deny Defendants' request to judicially notice Exs. 10 and 15.

## IV.    CONCLUSION

For the reasons stated herein, the Court should decline to consider Defendants' proposed Exs. 10 and 15 in deciding Defendants' Motion.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)                                   - 4 -

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED:  February 9, 2024

I certify that this memorandum contains 1,380 words, in compliance with the Local Civil Rules.

Respectfully submitted,

KELLER ROHRBACK L.L.P.

*s/ Gretchen Freeman Cappio*

Gretchen Freeman Cappio (WSBA #29576)
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206/623-1900
206/623-3384 (fax)
gcappio@kellerrohrback.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
   & DOWD LLP
Hillary B. Stakem (*Pro Hac Vice*)
Ting H. Liu (*Pro Hac Vice*)
Jessica E. Robertson (*Pro Hac Vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com
tliu@rgrdlaw.com
jrobertson@rgrdlaw.com

*Lead Counsel*

GLANCY PRONGAY & MURRAY LLP
Charles H. Linehan (*Pro Hac Vice forthcoming*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)

- 5 -

LAW OFFICES OF HOWARD G. SMITH
Howard G. Smith (*Pro Hac Vice forthcoming*)
3070 Bristol Pike, Suite 112
Bensalem, Pennsylvania 19020
Telephone:  215/638-4847
215/638-4867 (fax)
hsmith@howardsmithlaw.com

*Additional Counsel for Paul Haddock*

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(2:23-cv-00824-JLR)

- 6 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384