The Honorable James L. Robart

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

JONATHAN STUDEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

FUNKO, INC., ANDREW PERLMUTTER, and JENNIFER FALL JUNG

Defendants.

No. 2:23-cv-00824-JLR

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR)

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Defendants Funko, Inc. ("Funko" or the "Company"), Andrew Perlmutter, and Jennifer Fall Jung (collectively, "Defendants") submit this Reply in Support of their Request for Judicial Notice and Notice of Incorporation by Reference in Support of Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 41).

## I.       INTRODUCTION

Plaintiffs concede that the Court may properly consider Exhibits 2-9, 11-14, and 16-18 in ruling on Defendants' Motion to Dismiss the First Amended Complaint (the "Motion"). Yet they also set up and attack a strawman, arguing that these documents should not be considered for the truth of the matters asserted therein. But Defendants have made no such request. Defendants simply ask the Court to consider these documents in their entirety, rather than allow Plaintiffs to cherry-pick statements and present them without the appropriate context. Similarly, Plaintiffs' challenge to the noticeability of Exhibits 10 and 15—two publicly available documents, neither of which is subject to reasonable dispute—is another attempt to artificially restrict the context available to the Court while deciding the Motion. The law allows the Court to consider all of these documents in their entirety, and Defendants respectfully request that the Court do so.

## II.      ARGUMENT

### A.      As Plaintiffs Concede, Exhibits 2–9, 11–14, And 16–18 Are Incorporated By Reference And May Be Considered By The Court

Plaintiffs admit that Exhibits 2-9, 11-14, and 16-18 are incorporated into the Complaint by reference and do not dispute their authenticity. Dkt. 46 ("RJN Opp."), at 3. Thus, Plaintiffs in effect concede that the Court may consider these documents in their entirety. In their Opposition, Plaintiffs merely contend that the Court should not "consider [these exhibits] for the truth of the matters asserted therein." *Id*. This misses the point. Defendants cite to these documents to provide the Court with the complete contents of the disclosures at issue, including portions that Plaintiffs intentionally omitted from the Complaint, so that the Court can assess the challenged statements

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

in context.  *See Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("[I]ncorporation by reference of this exhibit is necessary to assess the veracity of the challenged statement in context."); *In re L & L Energy, Inc. Sec. Litig.*, 908 F. Supp. 2d 1147, 1152 n.4 (W.D. Wash. 2012) (taking judicial notice of report, "not for the truth of the matter asserted therein, but to determine the extent of the corrective disclosure to the market").  The full context of these documents and the disclosures contained therein are sufficient on their face to undermine Plaintiffs' allegations that Defendants made misleading statements and omissions, which are based on out-of-context and selectively excerpted portions of Funko's SEC filings.  *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Further, even if it is true that an incorporated document cannot be used to dispute *well-pled* factual allegations, to the extent the documents contradict a general or conclusory allegation, the underlying documents control.  *See In re Finjan Holdings, Inc. Sec. Litig.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint . . . those specific facts are controlling."); *Coyoy v. City of Eloy*, 859 F. App'x 96, 96 (9th Cir. 2021) (holding that courts "need not credit as true allegations in the complaint that are contradicted by" specific information in incorporated documents).

Accordingly, as Plaintiffs concede, the Court may consider Exhibits 2-9, 11-14, and 16-18 in full.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**B.      Exhibits 10 And 15 Are Judicially Noticeable Under Fed. R. Evid. 201**

*1.      Exhibit 10 Is Noticeable As A Public Filing With The SEC Not Subject To Reasonable Dispute*

Plaintiffs do not contest the well-settled principle that public filings with the SEC, such as Exhibit 10, are subject to judicial notice, regardless of whether Plaintiffs chose to cite them in the Complaint. *See Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (documents filed with the SEC are "appropriate subjects of judicial notice" because, "[g]iven that [defendant] publicly filed these documents, their accuracy cannot reasonably be questioned"); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (stating it was "proper" to take judicial notice of SEC filings on motion to dismiss). Plaintiffs' argument that the Court may not take judicial notice of disputed facts, RJN Opp. at 4, is another strawman, as they do not appear to dispute the contents of Exhibit 10, let alone the facts for which it is cited in Defendants' brief. *Compare* Ex. 10, *with* FAC ¶ 104. Accordingly, there is no reason for the Court to depart from the routine practice of taking judicial notice of information in SEC filings where, as here, the information is not subject to reasonable dispute. *Baker v. Seaworld Ent., Inc.*, 2016 WL 2993481, at *5, *9 (S.D. Cal. Mar. 31, 2016) (considering attendance statistics in judicially noticed exhibit); *see also Todd v. San Mateo Cnty.*, 2016 WL 4992457, at *3 (N.D. Cal. Sept. 19, 2016) (judicially noticing documents for undisputed employment information).

*2.      Exhibit 15 Is Noticeable As A Publicly Available Document*

Plaintiffs do not contest that publicly available documents on a company's website that relate to earnings calls or analyst conferences are appropriate for judicial notice—and that is precisely what Exhibit 15 is. Instead, Plaintiffs argue that Exhibit 15 should not be considered for the truth of its contents. RJN Opp. at 4. But as they do with Defendants' other exhibits, Plaintiffs have misstated Defendants' purpose in submitting Exhibit 15. Defendants only ask that the Court

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

take judicial notice of the presentation in Exhibit 15 for the limited purpose of establishing that it contained the cautionary language stated therein.  That is a wholly proper use of judicial notice, and courts in this Circuit routinely take judicial notice of similar documents and disclosures for that purpose.  *See, e.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (taking judicial notice of a document that was "publicly available to reasonable investors at the time the defendant made the allegedly false statements"); *see also Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020), *aff'd sub nom. Nat'l Elevator Indus. Pension Fund v. Flex Ltd.*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021) (taking judicial notice of "earnings calls, investor and analyst conferences, and related presentations" for the purpose of "determining what representations [Defendants] made to the market").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference Exhibits 2-9, 11-14, and 16-18, and take judicial notice of Exhibits 10 and 15 to the Declaration of Kevin M. McDonough in Support of the Defendants' Motion to Dismiss the First Amended Complaint.

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Respectfully submitted this 22nd day of March, 2024.


**DLA PIPER LLP (US)**                                    **LATHAM & WATKINS LLP**

By: *s/   David I. Freeburg*                              By: *s/   Kevin M. McDonough*
David I. Freeburg, WSBA #48935                            Kevin M. McDonough (*pro hac vice*)
david.freeburg@us.dlapiper.com                           kevin.mcdonough@lw.com
701 Fifth Avenue, Suite 6900                             Thomas J. Giblin (*pro hac vice)*
Seattle, Washington 98104-7044                           thomas.giblin@lw.com
Telephone: (206) 839-4800                                Elizabeth A. Parvis (*pro hac vice*)
Facsimile: (206) 839-4801                                elizabeth.parvis@lw.com
                                                         1271 Avenue of the Americas
*Attorneys for Defendants Funko, Inc.,*                  New York, NY 10020
*Andrew Perlmutter, and*                                 Telephone: (212) 906-1200
*Jennifer Fall Jung*                                     Facsimile: (212) 751-4864

                                                         *Attorneys for Defendants Funko, Inc.,*
                                                         *Andrew Perlmutter, and*
                                                         *Jennifer Fall Jung*

*\*Pursuant to LCR 7(e)(6), I certify that this memorandum contains 1,183 words, in compliance with the Local Civil Rules.*

DEFENDANTS' REPLY IN SUPPORT OF REQUEST                  DLA Piper LLP (US)
FOR JUDICIAL NOTICE AND NOTICE OF                   701 Fifth Avenue, Suite 6900
INCORPORATION BY REFERENCE IN SUPPORT OF        Seattle, WA 98104-7029 | Tel: 206.839.4800
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated this 22nd day of March, 2024.

*s/ Lynda West*
Legal Practice Specialist

DEFENDANTS' REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT
(No. 2:23-cv-00824-JLR) - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800